LeSUEUR, Judge.
Mrs. Burgin received a judgment in the amount of $603.85 for personal injuries allegedly sustained in a collision between a New Orleans Public Service, Inc. bus and a Checker cab, in which she was a fare paying passenger. Inasmuch as the weight of the evidence indicated that the bus was stopped at the time of impact, judgment was awarded only against the Checker Cab Company and the cab driver. These two defendants perfected this appeal. Plaintiff has answered the appeal seeking an increase in the award.
The principal defense arguments (which are, first, that she was not actually injured in the collision which was slight and, second, that if there were injuries, these produced no real damage) are rooted in Mrs. Burgin’s medico-legal history. There is no mistaking the fact that it is extensive.
It seems that she has advanced some fourteen claims for damages. She has sought redress for injuries to the toe, foot, *561 leg, knee, hip, side, back, wrist and neck. Some of the claims are based upon reinjury or aggravation of earlier injuries and, as the defendants urge, she is far short of precision in keeping the numerous claims and injuries in order, focus or consistency.
We question, however, the nature of the relevance of these considerations. The fact that Mrs. Burgin has made any number of prior or subsequent claims or sought judicial relief in any number of situations does not of itself have any bearing upon her right to seek judicial relief for any damages which are, in fact, proximately related to the negligence of the defendants at bar.
By the same token, the fact that she has suffered any number of prior or subsequent injuries has, of itself, no bearing upon her right to damages for any injuries caused or aggravated by that negligence.
We must, in this view, agree with the trial judge who correctly observed that the essential question lay solely in his assessment of the credibility of her testimony as to whether or not she was injured in this collision and as to the extent of any difficulties such injuries may have caused her.
The trial court accepted her testimony on these issues. Moreover, the size of the award makes it clear that the trial judge very carefully limited his consideration to injuries caused or aggravated in the incident. Considering the competing fact inferences evident upon the face of the record, the manifest error rule requires that we respect these determinations.
Whether or not the bus was stopped is also a question of fact and is also subject to the requirements of manifest error. Here, too, we are constrained to accept the trial court’s findings on the question.
The defendants also raise the question of sudden emergency, contending that the taxi driver hit the bus only because he was forced to do so in order to avoid striking a vehicle turning into an opposing lane of traffic. Mr. Lucas, the driver of this vehicle, testified but was not made a third party defendant. With reference to this defense, it seems sufficient to observe that the defendants did not bear the burden of establishing that the taxi driver played no part in creating the emergency. Absent such a showing, the defense will not obtain. We note in this connection that Mr. Lucas testified that he was not in the cab’s path and that the cab had violated the median line of the roadway.
Both parties to this appeal question the sum awarded for pain and suffering. The amount awarded is $300.00 for pain and suffering and $303.85 for specials, a total of $603.85. It is true that the award for pain and suffering is not comparable with all Mrs. Burgin’s complaints. She complained of a mild contusion of the skull, neck pain, and thoracic and lumbosacral muscle spasms. Additionally, she complained of pain and swelling of her left knee. We have previously noted, however, that this award is of itself evidence of the fact that the trial judge considered many of her difficulties either exaggerated or rooted in previous or subsequent injuries. With this in mind, we find the sum fixed by the trial judge neither manifestly excessive nor inadequate.
Plaintiff also contends that a sum should have been awarded to compensate for lost wages. We agree with the trial judge that there is insufficient proof of a loss beyond her period of hospitalization. The evidence, however, is uncontradicted and clear that she was at the very least unable to work as a result of this accident for five days (the day of the incident and the four days during which she was hospitalized). We find, therefore, that an additional sum is in order for lost wages in the amount of $48.00 ($1.60 per hour for five 6-hour days).
We also find that the computation of special damages was in error as plaintiff pleaded in her answer to the appeal. The evidence establishes that the bill of *562 Dr. Roy M. Montalbano in the amount of $100.00 was proved. That amount should have been awarded as special damages and the judgment will be increased to reflect this award.
Accordingly, the judgment is hereby amended to increase the award from $603.-85 to $751.85. As thus amended, and in every other respect, the judgment appealed from is affirmed.
Amended and, as amended, affirmed.